RONALD S. LEMIEUX (SBN 120822)
ronlemieux@paulhastings.com
SHANÉE Y. WILLIAMS (SBN 221310)
shaneewilliams@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1117 S. California Avenue
Palo Alto, CA  94304-1106
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Attorneys for Non-Party
ASUS COMPUTER INTERNATIONAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Silicon Graphics, Inc., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>ATI Technologies Inc., ATI Technologies ULC and Advanced Micro Devices, Inc., <br><br>　　　　　Defendants. | MISC. No. 5:07-mc-80279 (JF-RS) <br><br>(Related to Case No. 06-C-0611-C (W.D. Wisc.)) <br><br>**NON-PARTY ASUS COMPUTER INTERNATIONAL'S OPPOSITION TO EMERGENCY MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** <br><br>Date: January 18, 2008 <br>Time: T.B.D. <br>Courtroom:  4, 5th Floor <br>The Honorable Richard Seeborg |

## I. INTRODUCTION

Silicon Graphics, Inc.'s ("SGI") "emergency" motion to compel should be denied as moot. Through this motion, SGI seeks an order compelling non-party ASUS Computer International ("ACI") to comply with a subpoena for documents and testimony by December 15, 2007. Yet, since this motion is not scheduled for hearing until January 18, 2008, the requested relief simply cannot be granted.

Not only is this motion moot in light of the timing of the requested relief, it is moot in substance, as well. ACI produced its responsive documents more than three weeks before SGI filed this "emergency" motion. ACI has also provided SGI with a declaration authenticating the documents produced, swearing under oath that the production was full and complete, and explaining why ACI does not have possession or control over the remaining documents sought by SGI's subpoena. Further, SGI was informed months ago that much of the discovery it seeks is outside the corporate knowledge of ACI and should be pursued through discovery from its separate parent company in Taiwan. SGI, however, made no effort to do so.

SGI concedes that ACI has cooperated with SGI's subpoena for documents. ACI even offered to produce a witness for deposition during the week of December 17, 2007 – which was ACI's earliest availability in light of the international travel schedule of the appropriate witness; however, the Defendants in the underlying Wisconsin Action refused to permit SGI to conduct this deposition after the December 15 discovery deadline. SGI's issue, then, is not with ACI, but is with the Defendants in the Wisconsin Action who refused to permit SGI to take this deposition after the discovery cutoff.

SGI has no legitimate reason to further burden ACI with these proceedings. Upon information and belief, the Wisconsin court has not granted SGI's motion to extend its discovery deadline, and even if it had, SGI has made no showing of good cause to warrant the requested relief. Even assuming the Wisconsin court grants SGI's motion to extend the discovery deadline before this motion is set for hearing, SGI has made absolutely no showing that it attempted to diligently pursue the requested discovery from ACI's Taiwanese parent company, ASUSTeK Computer Inc., the entity actually in possession of the requested information.

As SGI has not demonstrated good cause for the requested relief, its emergency motion must be denied.

## II. BACKGROUND

### A. ACI.

ACI is a sales and marketing company based in Fremont, California and is the North American sales subsidiary for ASUSTeK Computer Inc. of Taiwan. ACI is not involved in the research, design, development, or manufacture of any of the products that it receives from ASUSTeK. Nor does it possess, maintain, or have access to technical information regarding the detailed design of ASUSTeK products or the components used in those products. Rather, ACI solely operates in the capacity of a sales and marketing outlet for products purchased from ASUSTeK. Declaration of Shanée Y. W. Nelson ("Nelson Decl."), Exh. 1 at ¶ 5.

### B. The Wisconsin Action.

SGI is the plaintiff in a patent infringement action it filed in the Western District of Wisconsin against Defendants ATI Technologies, Inc., ATI Technologies ULC and Advanced Micro Devices, Inc. Neither ACI nor its corporate parent, ASUSTeK Computer Inc., are parties to the Wisconsin Action. According to SGI's motion, the discovery deadline in the Wisconsin Action was Saturday, December 15, 2007.

### C. SGI's Subpoena to ACI.

On August 29, 2007, SGI issued a subpoena to ACI (directed to the attention of an unspecified "General Counsel"), demanding the production of certain documents and also seeking testimony on certain topics. Declaration of Mitchell M. Blakely ("Blakely Decl.") in support of emergency motion, Exh. A. ACI does not have an internal legal department and the individual who would normally handle such matters was out of the country at the time the subpoena was served. Declaration of Joseph D. Etra in support of emergency motion at ¶ 6. After being notified of the subpoena in September, outside counsel for ACI contacted counsel for SGI and informed him that, with the exception of sales information, the information it sought through the subpoena was not within the corporate knowledge of ACI, but should be sought from ASUSTeK Computer Inc., a separate company in Taiwan. *Id.*, ¶ 7. ACI's counsel again confirmed these

1   details with SGI in early October; however, it does not appear that SGI made any effort to pursue
2   any information directly from ASUSTeK. ACI's counsel also requested additional time to
3   respond to the subpoena and SGI's counsel agreed to the extension.

4   More than three weeks before SGI served this "emergency" motion, ACI produced to SGI
5   the requested sales information contained in Excel spreadsheets and copies of the ASUSWorld
6   catalogues that are used to market ASUSTeK products and that sometimes contain information
7   regarding some of the components contained in the products, as well as its written objections to
8   the subpoena. Nelson Decl., ¶ 2; Blakely Decl., Exhs. B and D. ACI also offered to produce a
9   witness for deposition; however, due to previously scheduled international travel commitments,
10  ACI's witness was not available until the week of December 17, 2007 – after SGI's discovery
11  deadline in the Wisconsin Action. *Id.*, Exh. D.

12  After its attempts to extend the discovery deadline in the Wisconsin Action by agreement
13  of the parties to that action failed, SGI filed an emergency motion to shorten time to compel ACI
14  to further comply with the subpoena. Before ACI's deadline to oppose the motion to shorten
15  time, SGI withdrew the motion and re-noticed its motion to compel for hearing on January 18,
16  2008. In a further effort to informally resolve this motion, on December 20, 2007, ACI re-
17  produced its sales spreadsheets and included the specific addresses of its customers, and also
18  provided a declaration authenticating the produced documents and declaring that it produced all
19  responsive documents within its possession, custody, or control. Nelson Decl., Exhs. 1 and 2.
20  Notwithstanding ACI's efforts, SGI insists on pursuing this motion.

21  **III.  ANALYSIS**

22  **A.   SGI's Motion Is Moot.**

23  The relief requested by SGI is moot. Specifically, SGI's notice of motion seeks an order
24  compelling ACI:

25  > to produce documents and a witness to testify on behalf of ACI no
    > later than Saturday, December 15, 2007, the date that fact discovery
26  > closes in the related case pending in the U.S. District Court for the
    > Western District of Wisconsin.
27

28

1  Motion at 1:22-24. Because December 15, 2007 passed before ACI was even required to oppose
2  this motion, the requested relief cannot be granted.
3      Further on information and belief, SGI has not obtained any order from the Western
4  District of Wisconsin extending its discovery deadline. Thus, absent relief from the discovery
5  deadline in the Wisconsin Action, it is too late for SGI to obtain the relief it seeks from this Court.

6      **B.    ACI Has Already Produced All Responsive Documents Within Its Possession, Custody, Or Control.**
7

8      ACI has repeatedly explained to SGI that ACI's business and operations do not involve
9  the requested detailed design and technical operation of the product or its components that ACI
10 receives from ASUSTeK and sells in North America. *See, e.g.*, Blakely Decl., Exh. D. ACI is
11 not involved in the research, design, development, manufacture, or repair of any of the ASUSTeK
12 products that are sold through ACI. Nelson Decl., Exh. 1 at ¶ 5. ACI does not possess any of the
13 technical operation or design documents requested by the subpoena. Nor is it involved in the
14 purchase of components from third party vendors that are used in the manufacture of ASUSTeK's
15 products. *Id.* Rather, ACI is merely a North American sales and marketing arm for ASUSTeK.
16 *Id.* Of the documents SGI requested that are actually in the possession, custody, or control of
17 ACI, those documents have already been produced, and there is nothing further to compel.
18 *Id.*, ¶ 6.
19     Specifically, ACI produced Excel spreadsheets containing sales data for all products sold
20 by ACI that contain the ATI components identified by SGI. *See* Blakely Decl., Exh. D.
21 Additionally, ACI produced all of the ASUSWorld catalogues that sometimes contain
22 information regarding the components used in the various products ACI receives from
23 ASUSTeK. *Id.* Although the subpoena did not specifically request such information, ACI also
24 agreed to update its sales data with the addresses of its customers and has produced this
25 information to SGI. *Id.* ACI has fully complied with this agreement. *See* Nelson Decl., Exh. 2.
26     The cases cited by SGI are inapposite. For example, SGI's reliance on *Hunter Douglas,*
27 *Inc. v. Comfortex Corp.*, No. M8-85 (WHP), 1999 U.S. Dist. LEXIS 101 (S.D.N.Y. Jan. 11,
28 1999), is misplaced because that court expressly recognized that it cannot compel a U.S.

NON-PARTY ACI'S OPPOSITION TO
EMERGENCY MOTION TO COMPEL    - 5 -    CASE NO. 5:07-mc-80279 (JF-RS)
COMPLIANCE WITH SUBPOENA

1   subsidiary to produce documents possessed by its foreign affiliate unless the U.S. subsidiary
2   actually has custody or control over such documents. *See id.* at *9. In the *Hunter Douglas* case,
3   the U.S. subsidiary was found to have control over responsive documents because the subsidiary
4   and its foreign affiliate freely exchanged such documents. *Id.* However, ACI has sworn under
5   oath that it does not use, possess, or maintain any of the requested documentation, and that such
6   documents should be sought from its Taiwanese parent company, ASUSTeK. Nelson Decl.,
7   Exh. 1 at ¶ 5.
8         Similarly misplaced is SGI's reliance on *Camden Iron & Metal, Inc. v. Marubeni America*
9   *Corp.*, 138 F.R.D. 438 (D.N.J. 1991). The *Camden Iron* court emphasized that a U.S. subsidiary
10  can only be compelled to produce documents belonging to a foreign parent company when the
11  requesting party establishes that the U.S. subsidiary has easy and customary access to the
12  documents of its parent company for its usual business needs. *See id.* at 441, 443. For these same
13  reasons, SGI's reliance on *Choice-Intersil Microsystems, Inc. v. Agere Systems, Inc.*, 224 F.R.D.
14  471 (N.D. Cal. 2004), is also misplaced. In that case, Judge Larson determined that documents
15  responsive to the subpoena were located within the Northern District of California, that the
16  subpoenaed entity had access and control over documents possessed by its German parent
17  company because the two entities shared databases, and that the U.S. subsidiary was able to
18  obtain high-level documents upon demand from its German parent corporation. *See id.* at 472-73.
19        As each of the cases cited by SGI is distinguishable from the instant situation, SGI's
20  motion to compel further production of documents not reasonably supported by existing law.
21  Any further pursuit of documents from ACI is tantamount to harassment and sanctionable as a
22  discovery abuse. *See Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813-14 (9th Cir.
23  2003). Federal Rule of Civil Procedure 26(c) authorizes the Court to "issue an order to protect a
24  party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."
25  Fed. R. Civ. P. 26(c). Justice requires that non-parties like ACI be protected from such abuses of
26  discovery.
27
28

### C.   ACI Cannot Prepare A Witness To Testify As To The Technical Operation Of The Accused Products.

Contrary to SGI's repeated representations, ACI is not, and has never been, an "add-in-board manufacturer." ACI is the North American sales and marketing arm of its parent company, ASUSTeK. ASUSTeK is the manufacturer of the completed products and the purchaser of the ATI components at issue in this case. ACI has no involvement in the development, research, design, or manufacture of the accused products that it sells. As such, ACI has no personal knowledge regarding the technical functionality of the components of such products or the communications between ATI and ASUSTeK regarding ASUSTeK's purchase of components from ATI. Although ACI has repeatedly explained that it cannot prepare any witnesses to testify as to the detailed functionality of the accused products sold through ACI, SGI refuses to withdraw such topics from its deposition notice. ACI has also explained, repeatedly, that the entity with the knowledge sought by SGI is ASUSTeK Computer Inc., ACI's Taiwanese parent company. There is no legal obligation for ACI to produce a witness from ASUSTeK, a separate entity over which ACI has no control. *See Westinghouse Credit Corp. v. Mountain States Mining & Milling Co.*, 37 F.R.D. 348 (D. Col. 1965) ("[S]ince a subsidiary does not control the parent it is not required to furnish information held by the latter.") As there is no ACI officer, director, or employee that possesses the technical knowledge requested or any knowledge regarding communications between ATI and ASUSTeK regarding the purchase of ATI components, a deposition of ACI on such subjects is wholly inappropriate. Indeed, the *Hunter Douglas* case cited by SGI reached the very same conclusion. *See Hunter Douglas*, 1999 U.S. Dist. LEXIS 101, at *11 (refusing to order U.S. subsidiary to produce a person most knowledgeable when the record reflected that the person most knowledgeable is outside the subpoena power of the court).

The deposition topics noticed by SGI clearly relate to subject matter that is simply not within the knowledge of ACI. To allow SGI to pursue this type of questioning of ACI would be a complete waste of the parties' resources, and would very likely further burden this Court should SGI take issue with the likely response from ACI – that the witness does not know the answer. Questions regarding the technical functionality of the products sold through ACI or the

components contained in those products must be posed to the entity that designed the overall product and purchased the components at issue – ASUSTeK. SGI is simply seeking to avoid traveling to Taiwan to depose ASUSTeK.

**IV.    CONCLUSION**

For the foregoing reasons, ACI respectfully requests that SGI's Emergency Motion To Compel Compliance be denied.

DATED:  December 28, 2007          Respectfully submitted,

RONALD S. LEMIEUX
SHANÉE Y. WILLIAMS
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:            /s/*Shanée Y. Williams*
           SHANEE Y. WILLIAMS

Attorneys for Non-Party
ASUS COMPUTER INTERNATIONAL

LEGAL_US_W # 57757017.1

NON-PARTY ACI'S OPPOSITION TO
EMERGENCY MOTION TO COMPEL            - 8 -            CASE NO. 5:07-mc-80279 (JF-RS)
COMPLIANCE WITH SUBPOENA